Aeon Stetjbb, J.
Plaintiff sues on a complaint alleging that plaintiff deposited with defendant $100,000 for its use and benefit and that, although demanded, the sum has not been returned. Defendant moves for summary judgment setting out the following facts. Defendant owns a building which plaintiff contracted to purchase for $2,380,000. Plaintiff paid $50,000 on account of the purchase on the contract date, October 23, 1956. May 1, 1957 was the closing date. This was adjourned to June 1, 1957 and plaintiff paid an additional $25,000 on account. Pursuant to the same agreement a further adjournment to July 1,1957 on payment of $25,000 was provided for. This payment was made and the closing adjourned. Thereafter by successive adjournments the closing was put off until September 4, 1957. On that date plaintiff acknowledged that it was unable to perform and that defendant was ready, willing and able to perform. Shortly thereafter the parties exchanged general releases. The stipulations of adjournment provided that time was of the essence. The contract provided that any sum paid on account was to constitute liquidated damages.
None of this is denied. Plaintiff, however, states that defendant knew at all times that its ability to perform depended on its being able to make certain sales. Just prior to the last closing date plaintiff informed defendant that the sales had not been effected and requested a further adjournment. Defendant refused because it said further adjournment would adversely affect certain tax problems but that something would be done to solve all parties’ problems on the closing date. On the closing date defendant stated that its tax problem would be helped if plaintiff would acknowledge in writing its inability to perform. Plaintiff did so and defendant said a plan would be evolved to protect plaintiff’s interest. Thereafter defendant *589 said that if plaintiff would sign a release that defendant would give plaintiff an option which would keep the original contract for all practical purposes alive.
Thereafter a form of option agreement was sent by defendant to plaintiff. The option agreement called for the deposit of $50,000 in escrow, to be credited upon the purchase price if accepted and returned if the option was not exercised. Plaintiff gave the check but did not sign the option, instead it suggested certain changes. Defendant refused to accept the changes, withdrew its option, and returned the check. Plaintiff thereupon signed the option agreement as originally drawn but defendant refused to go ahead with the transaction.
From this it is clear that whatever rights plaintiff may have in regard to this transaction it has no claim whatsoever for the return of the $100,000. No more classic case of a forfeiture could be imagined. Unless there is something in the negotiations attendant upon default there is no claim. Admittedly plaintiff could not perform on the closing date nor is there any claim that it could at any subsequent date. So defendant for any reason or no reason could claim the forfeiture. There is no allegation that a return of the $100,000 was a condition of anything that was to be done. That is not provided for in the option agreement as drawn by defendant nor is it the subject of any of the changes in that agreement suggested by plaintiff. Whatever promises, if any, were made in regard to the default the return of this sum is not claimed to be the subject of any of them. No right to recovery is even indicated.
Motion granted.